LONNIE LEE STRADLING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stradling v. Commissioner
Docket No. 5500-80.
United States Tax Court
T.C. Memo 1981-173; 1981 Tax Ct. Memo LEXIS 575; 41 T.C.M. (CCH) 1249; T.C.M. (RIA) 81173; April 9, 1981. *575 Held, petitioner's gross income determined. Held further, additions to tax imposed by respondent sustained. Lonnie Lee Stradling, pro se. Richard G. Patrick, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $ 767 deficiency in petitioner's 1978 Federal income tax and imposed additions to tax under section 6651(a) [1] and section 6653(a) of $ 191.75 and $ 38.35, respectively. The issues for decision are: 1. Whether petitioner had gross income as determined by respondent for 1978. 2. Whether petitioner is liable for additions to tax under section 6651(a) and section 6653(a). FINDINGS OF FACT Some of the facts have been stipulated *576 and are found accordingly. Lonnie Lee Stradling (hereinafter petitioner) resided in Mesa, Arizona, when he filed his petition in this case. For 1978, petitioner filed a Form 1040 (U.S. Individual Income Tax Return), dated April 16, 1979, with the Internal Revenue Service. The Form 1040 was signed by petitioner and stated his name, address, social security number, occupation, filing status, and exemptions. Most of the spaces provided for information regarding petitioner's income and expenses contained the word "none." Petitioner, however, refused to provide any information regarding his wages, salaries, tips, and other employee compensation, total income, adjusted gross income, and taxable income, asserting the privilege against self-incrimination. Attached to the Form 1040 was a statement that set forth in detail petitioner's Fifth Amendment objection to providing the requested information. In the notice of deficiency, respondent determined that petitioner had gross income of $ 7,777.95 for 1978. Respondent also determined that petitioner had not filed an income tax return for 1978. Finally, respondent determined the deficiency and imposed the additions to tax under section *577 6651(a) and section 6653(a) set forth at the outset of this opinion. OPINION Issue 1: Gross Income
During the trial of the instant case, even after the Court had informed petitioner that he carried the burden of proof, he refused to offer any evidence to rebut respondent's determination of his gross income, baldly claiming the Fifth Amendment privilege against self-incrimination. The record, however, fails to even suggest that petitioner had a legitimate basis for his Fifth Amendment claim. In these circumstances, a claim of the privilege against self-incrimination does not relieve petitioner of his burden of proof. Wilkinson v. Commissioner, 71 T.C. 633, 638 (1979); Roberts v. Commissioner, 62 T.C. 834, 838 (1974). Accordingly, since petitioner has failed to meet his burden of proof, we must sustain respondent's determination. Issue 2: Additions to Tax
Respondent imposed additions to tax under section 6651(a) and section 6653(a) against petitioner for 1978. Section 6651(a) imposes an addition to tax for failure to timely file a return unless the taxpayer shows that such failure was due to reasonable cause and not willful neglect. *578 Section 6653(a) imposes an addition to tax if any part of an underpayment of tax is due to negligence or intentional disregard of rules and regulations. Respondent maintains that the Form 1040 filed by petitioner for 1978 was not an income tax return within the meaning of the Internal Revenue Code and, therefore, he has failed to timely file a tax return for that year. We agree. It is clear that a document filed as a return will not constitute a "valid return" unless it contains sufficient information from which respondent can compute and assess a tax liability. Commissioner v. Lane-Wells Co.,321 U.S. 219 (1944); Hatfield v. Commissioner, 68 T.C. 895, 898 (1977); Cupp v. Commissioner, 65 T.C. 68, 79 (1975), affd. without opinion 559 F. 2d 1207 (3d Cir. 1977). This Court has held that a return within the meaning of the statute must "state specifically the amounts of gross income and the deductions and credits claimed." Conforte v. Commissioner, 74 T.C. 1160, 1195 (1980). See also Sanders v. Commissioner, 21 T.C. 1012, 1018 (1954), affd. 225 F. 2d 629 (10th Cir. 1955). *579 In the instant case, the document that petitioner filed with the Internal Revenue Service did not contain sufficient information to constitute a valid return. See Cupp v. Commissioner, supra.
Nevertheless, petitioner insists that under the Fifth Amendment he had the right to refuse to provide the requested information. We disagree. First, there is no indication that petitioner had the requisite reasonable basis for claiming the privilege in response to the questions on the Form 1040. See Hoffman v. United States, 341 U.S. 479, 486 (1951); Marchetti v. United States, 390 U.S. 39, 48 (1968). Indeed, it clearly appears that petitioner's claim of the privilege was wholly frivolous. Second, petitioner's alleged return, in fact, represents a blanket refusal to supply any information regarding his income and expenses. See United States v. Daly, 481 F. 2d 28, 30 (8th Cir. 1973); Conforte v. Commissioner, supra at 1195-1196; Cupp v. Commissioner, supra at 79-84. It is well settled that the requirement that taxpayers file income tax returns in accordance with the provisions *580 of the Internal Revenue Code and respondent's regulations does not violate a taxpayer's privilege against self-incrimination under the Fifth Amendment. White v. Commissioner, 72 T.C. 1126, 1130 (1979); Cupp v. Commissioner, supra at 79. See also United States v. Sullivan, 274 U.S. 259 (1927). Accordingly, we hold that petitioner did not file an income tax return for 1978. The holding in United States v. Long, 618 F. 2d 74 (9th Cir. 1980), does not require a different result under our rule established in Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F. 2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971). In Long, the Court of Appeals for the Ninth Circuit, to which an appeal from our decision lies, held that Form 1040's on which the taxpayer had inserted zeros in the spaces provided with respect to income (i.e., Gross Income, Adjusted Gross Income, and Taxable Income) constituted valid returns. In the opinion of the Ninth Circuit, the Form 1040's in issue therein were returns because they were not blank, but instead provided information, albeit false, *581 in the form of zeros from which some computation of the tax liability was possible. Herein, however, the document filed as a return did not even provide sufficient false information to make any such computation. The alleged return did not provide a figure for gross income, adjusted gross income, or taxable income -- not even a zero. See Conforte v. Commissioner, supra at 1196-1197. Petitioner had the burden of proving that he was not liable for the additions to tax imposed by respondent. Bagur v. Commissioner, 66 T.C. 817, 823-824 (1976), remanded on other grounds 603 F. 2d 491 (5th Cir. 1979); Enoch v. Commissioner, 57 T.C. 781, 802 (1972). Petitioner, however, offered no evidence to prove that (1) his failure to timely file a tax return was due to reasonable cause; or (2) no part of the underpayment of his income tax was due to negligence or intentional disregard of rules and regulations. Accordingly, we must sustain respondent's imposition of the additions to tax. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩